**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TOREY CORTEZ SMITH**                                                             **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:11cv25-TSL-MTP**

**OFFICER DIXISON, et al.**                                             **DEFENDANTS**

**<u>ORDER</u>**

BEFORE THE COURT is the Plaintiff's Motion for Miscellaneous Relief [16]. The court having considered the Motion and the applicable law finds that the Motion [16] should be DENIED.

In his motion, Plaintiff seeks the discovery of certain documents, including reports and grievance documents. The court finds that Plaintiff's motion for discovery should be denied as premature. Once the court screens this matter, the court will set an omnibus hearing, if necessary, where the court will address Plaintiff's discovery requests.

In his motion, Plaintiff also asks the court to appoint him counsel because he does not understand "these processes" and wants to make sure he is treated fairly. He also states that he cannot afford an attorney. In general, there is no right to counsel in civil rights cases. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (stating that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v.*

*Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213. It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees. *See Cain*, 864 F.2d at 1242.

This court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211. After consideration of the record along with the applicable case law, the court has determined that Plaintiff's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances." Additionally, Plaintiff has demonstrated through the pleadings filed in this matter that he is capable of presenting his claims. Moreover,

once the court screens this matter, the court will set an omnibus hearing, if necessary, where Plaintiff will be allowed to explain and clarify his claims and the court will assist him in obtaining any necessary records or discovery to support his claims.

The motion simply does not justify or merit the appointment of counsel or exhibit any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

**IT IS, THEREFORE, ORDERED:**

That Plaintiff's Motion for Miscellaneous Relief [16] is **DENIED**.

**SO ORDERED** this the 12th day of July, 2011.

s/ Michael T. Parker
United States Magistrate Judge