IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TOREY CORTEZ SMITH** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:11cv25-MTP**

**LT. EARNEST SAXTON, ET AL.** **DEFENDANTS**

**PRETRIAL ORDER**

This matter is before the court *sua sponte* for case management purposes. The parties appeared before the court on September 25, 2012, for a pretrial conference. Only the following claim remains pending and will proceed to trial: Plaintiff's claim for excessive force against Boris Dixon. *See* Order [40]. During the pretrial conference, the parties discussed their proposed witnesses and exchanged their proposed exhibits.

The following is a list of witnesses whom Plaintiff anticipates calling at trial (excluding witnesses used solely for impeachment): Ernest Saxton and Boris Dixon. Plaintiff also intends to testify on his behalf. Mr. Saxton is a current employee of the Hinds County Detention Center; Defendant Boris Dixon is no longer employed there. Counsel for Defendant has agreed to produce and is hereby ordered to produce Ernest Saxton and Boris Dixon as witnesses at trial.

Plaintiff intends to offer some or all of the exhibits to be offered by Defendant. In addition, Plaintiff again requested a video of the alleged incident. *See* Motion [47]. Defendant has already represented that it could not locate such a video and did so again at the hearing. Also, Plaintiff requested any Internal Affairs reports or documents regarding the incident at issue. *See* Motion [47]. Defendant will be directed to bring such documents to trial, if they exist.

The following is a list of witnesses whom Defendant may call at trial (excluding

witnesses used solely for impeachment): Boris Dixon, Deputy Hubert Patton, Helen Patterson, Sergeant Lee Lewis, Vanessa Price, and Lieutenant Ernest Saxton. Defendant submitted an exhibit list to the court and is directed to file the list of record.

Plaintiff moved *ore tenus* for a continuance of the trial, stating that he was not prepared and needed more time. Plaintiff has failed to show good cause for a continuance of the trial, which is a month away. This cause has been pending for over a year and a half and the trial was set by order dated August 17, 2012. The motion will be denied.

Plaintiff moved *ore tenus* for a recusal of the undersigned. Plaintiff made conclusory allegations of a conspiracy and voiced his dissatisfaction with the court's rulings. Plaintiff's motion is without merit and should be denied. *See United States v. Fraley*, 9 F.3d 103 (5th Cir. 1993) (stating that conclusory allegations that the magistrate judge was biased were legally insufficient to require recusal); *see also United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (stating that "adverse rulings in a case are not an adequate basis for demanding recusal").

Finally, Plaintiff's Motion [46] to add the Hinds County Sheriff's Department as a Defendant is denied. The motions deadline has long since expired. Moreover, the Hinds County Sheriff's Department is not a separate legal entity and thus, not a proper defendant in this matter.[1] *See Franklin v. Hinds*, No. 3:12cv423–DPJ–FKB, 2012 WL 3582692, at *2 (S.D. Miss. Aug. 17, 2012). Accordingly,

IT IS ORDERED:

1.      Plaintiff's *ore tenus* Motion for a continuance of the trial is DENIED. A bench trial is set for October 25, 2012, at 10:00 a.m., before United States Magistrate Judge

---

[1]The Hinds County Jail was previously dismissed on the same basis. *See* Order [11].

Michael T. Parker in **Courtroom 6C**, U.S. Courthouse, 501 E. Court Street, Jackson, Mississippi. The trial will continue from day to day until completed.

    2.    Plaintiff's *ore tenus* motion for recusal is DENIED.

    3.    Plaintiff's Motion for Discovery [47] is granted in part and denied in part. Defendant has already represented that he conducted a search for a video of the incident and it does not exist. *See* Notice [22]. This information was confirmed at the hearing. Defendant is ordered to conduct a diligent search for any Internal Affairs reports or documents regarding the incident that have not previously been produced to Plaintiff. Defendant shall file a notice of compliance with the court by October 9, 2012, and shall bring the documents to the trial, if they exist.

    4.    Plaintiff's Motion to Add Defendant [46] is denied.

    5.    Defendant shall file his exhibit list and witness list of record.

SO ORDERED, this the 26th day of September, 2012.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge